

July 20, 2021

**VIA ECF**
The Honorable Paul G. Gardephe
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

                Re:    *United States v. Luis Breceda*, 19 Cr. 753 (PGG)

Dear Judge Gardephe:

      My client in the above-captioned case is currently scheduled to be sentenced by this Court at an in-person proceeding at 12:00 p.m. on July 29, 2021. I write to respectfully request that the Court make the necessary findings pursuant to the CARES Act and conduct this proceeding remotely on the same date and time.

      As the Court is aware, the CARES Act (Public Law No. 116-136) provides that: "If the Judicial Conference of the United States finds that emergency conditions due to the national emergency […] with respect to the Coronavirus Disease 2019 (COVID-19) will materially affect the functioning of either the Federal courts generally or a particular district court of the United States, the chief judge of a district court covered by the finding […] specifically finds […] [that] felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety, and the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice, the plea or sentencing in that case may be conducted by video teleconference […]." CARES Act, Sec. 15002(b)(2)(A).

      On June 15, 2021, Chief Judge Laura Taylor Swain of the U.S. District Court for the Southern District of New York "specifically found that […] felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure […] cannot in all instances be conducted in person without seriously jeopardizing public health and safety" and accordingly Ordered that "video teleconferencing […] may be used in such proceedings with the consent of the defendant […] after consultation with counsel and upon a finding by the presiding judge that the proceeding cannot be further delayed without serious harm to the interests of justice." Standing Order No. M10-468 (20 Mc. 176).

      Firstly, Mr. Breceda waives his right to appear at his sentencing. Second, the sentencing in this matter cannot be conducted in person without potentially jeopardizing public health and safety. As the Court is aware, my client lives in Arizona and therefore would have to board two commercial airline flights in the span of 24-48 hours in order to travel to and from New York City for his sentencing. Despite preventative measures being taken aboard commercial flights

and in airports, my client would put himself, his family members, his coworkers, and his fellow travelers at risk by flying into and out of the New York metropolitan area during the COVID-19 pandemic, where, as Chief Judge Swain recently noted, "substantial numbers of persons remain unvaccinated and precautions remain recommended or required in many settings." *Id.* Mr. Breceda would be in many crowded spaces and would be interacting with many different people during his travel to New York for sentencing, and there is not an insignificant risk that he could contract COVID-19 during his trip and infect other travelers, his family, his friends, or any combination of these groups as a result. Mr. Breceda cannot travel to and from New York City without potentially jeopardizing the health and safety of himself and those around him.

Third, the sentencing in this matter cannot be further delayed without serious harm to the interests of justice. Mr. Breceda has accepted responsibility for his offense and has remained in an uncomfortable limbo pending sentence for several months. The government also has an interest in sentencing convicted defendants quickly, in order to promote both justice and the appearance of justice. Delaying Mr. Breceda's sentencing to an unknown time in the future when it would no longer jeopardize public health and safety for him to appear in person would cause serious harm to the interest of justice in my client's rehabilitation by prolonging the period of uncertainty, discomfort, and anxiety during the pendency of this matter.

Accordingly, I respectfully request that the Court make the necessary findings pursuant to the CARES Act and conduct Mr. Breceda's sentencing in this matter by telephone conference at 12:00 p.m. on July 29, 2021. The Government, through AUSA Daniel Nessim, informed me it has no objection to this request.

I thank the Court for its consideration of this letter motion.

Respectfully submitted,

/s/

Aaron Mysliwiec
*Attorney for Luis Breceda*

cc: AUSA Daniel Nessim (via ECF)

MEMO ENDORSEMENT

With Defendant's consent, the sentencing scheduled for July 29, 2021 at 12:00 p.m. will take place by telephone. The parties are directed to dial 888-363-4749 to participate, and to enter the access code 6212642. The press and public may obtain access to the telephone hearing by dialing the same number and using the same access code.

SO ORDERED.

Paul G. Gardephe
United States District Judge
July 22, 2021